THE ATTORNEY GENERAL
OF TEXAS



WAGGONER CARR
ATTORNEY GENERAL

March 14, 1966

Honorable Robert S. Calvert          Opinion No. C-637
Comptroller of Public Accounts
Austin, Texas                        Re:  Whether an appropriation
                                          could be made for the
                                          payment of certain wit-
                                          ness fees, if the claims
                                          therefor  are not filed
                                          in the Comptroller's Of-
                                          fice within twelve months
                                          from the date they became
                                          due, under the provisions
                                          of Article 35.27, Vernon's
                                          Code of Criminal Procedure,
Dear Sir:                                 and related questions.

          You have recently requested an opinion of this office
concerning Article 35.27, Vernon's Code of Criminal Procedure
and Attorney General's Opinion C-579, wherein this office held
that out-of-county witnesses subpoenaed in misdemeanor cases
in which confinement in jail is a permissible punishment, out-
of-county witnesses subpoenaed to appear in a habeas corpus
proceeding, out-of-county witnesses subpoenaed to appear at a
coroner's inquest, and an out-of-county witness subpoenaed to
appear before a court of inquiry, accrue witness fees under
Article 35.27, Vernon's Code of Criminal Procedure, but that
no money has been appropriated for the payment of such fees.
In this connection you have asked three questions as follows:

          1)  Is there pre-existing law for an appro-
              priation to be made at a later date to
              pay these witnesses?

          2)  If the witness fees accrued to witnesses
              under the above enumerated situations are
              not placed on file in the Comptroller's
              Office for payment and twelve months
              elapse from the due and payable date,
              would such witness fees be barred to such
              an extent that an appropriation could not
              be made for payment?

          3)  Who should submit the witness fee bill to
              the Comptroller's Office, the witness,

the district or county clerk, or the as-
signee if one is made?

In answer to your first question, it is the opinion of
this office that there is pre-existing law for an appropriation
to be made at a later date to pay such witness fees. Article
3, Section 44 of the Constitution of the State of Texas, pro-
vides:

"The Legislature shall provide by law for
the compensation of all officers, servants,
agents, and public contractors, not provided
for in this Constitution, but shall not grant
extra compensation to any officer, agent,
servant, or public contractors, after such
public service shall have been performed or
contract entered into, for the performance
of the same; nor grant, by appropriation or
otherwise, any amount of money out of the
Treasury of the State, to any individual, on
a claim, real or pretended, when the same
shall not have been provided for by pre-exist-
ing law; nor employ any one in the name of
the State, unless authorized by pre-existing
law."

Article 35.27, Vernon's Code of Criminal Procedure,
constitutes pre-existing law which authorizes a legislative
appropriation. The Legislature has authority to appropriate
such funds as are necessary for the payment of such witness
fees which have accrued and have been incurred by virtue of
Article 35.27, Vernon's Code of Criminal Procedure.

In answer to Question No. 2, it is the opinion of this
office that such claims for witness fees must be filed with
the Comptroller's Office within twelve (12) months after the
same become due and payable. If the same are not filed with-
in such time period they are barred, and the Legislature would
have no authority to appropriate funds for their payment under
the aforementioned Article 3, Section 44, Constitution of the
State of Texas, as Article 35.27, Section 5, provides in part
as follows:

"All such claims not filed in the office of
the Comptroller within twelve months from the
date same became due and payable shall be for-
ever barred."

In answer to your third question, Article 35.27, Sections 3, 4 and 5 provide the procedure to be used in filing such witness fees and is as follows:

"(3) The witness shall make an affidavit stating the number of miles he will have traveled going to and returning from the court, by the nearest practical conveyance, and the number of days he will have been necessarily absent in going to and returning from the place of trial; which affidavit shall be a part of the certificate issued by the clerk, copy of which is to be kept in a well-bound book. Fees shall not be allowed to more than two witnesses to the same fact, unless the judge before whom the cause is tried shall after such case has been tried, continued or otherwise disposed of, certify that such witnesses were necessary in the cause. Witness, when attached and conveyed by sheriff, shall not be entitled to receive fees while in custody of such officer.

"No witness subpoenaed or attached for the purpose of proving the general reputation of the defendant shall be allowed the benefits hereof, provided the trial judge may, in his discretion, allow pay to not more than two character witnesses for the defendant.

"(4) The judge, when any such claim is presented to him, shall examine the same carefully, and inquire into the correctness thereof, and approve same, in whole or in part, or disapprove the entire claim, as the facts and law may require; and such approval shall be conditioned only upon and subject to the approval of the State Comptroller, as provided for in Article 52.30; and said claim with the action of the judge thereon shall be entered on the minutes of said court and upon the approval of said claim by the judge, the clerk if there be one, otherwise the judge, shall make a certified list of said claim, upon forms prescribed by the Comptroller, furnishing such information as required by him, and send the

same to the Comptroller at such times as he may require. No fee shall be required of the witness for the services herein provided. The service mentioned in the foregoing sentence shall include the issuance of certificate, swearing the witness to claim for witness fees and reporting to Comptroller, and witness shall not be required to pay any additional amount for the completion of the certificate.

"(5) The Comptroller, upon receipt of such claim and the certified list provided for in the foregoing section, shall carefully examine the same, and if he deems said claim correct, and in compliance with and authorized by law in every respect, draw his warrant on the State Treasury for the amount due in favor of the witness entitled to same, or to any person such certificate has been assigned by such witness, but no warrant shall issue to any assignee of such witness claim unless the assignment is made under oath and acknowledged before some person duly authorized to administer oaths, certified to by the officer and under seal. If the appropriation for paying such account is exhausted, the Comptroller shall file the same away and issue a certificate in the name of the witness entitled to same, stating therein the amount of the claim. All such claims not filed in the office of the Comptroller within twelve months from the date same became due and payable shall be forever barred."

In answer to your third question, it is the opinion of this office that all claims for witness fees may be submitted to the Comptroller by the Clerk of the Court on behalf of the witness, by the witness himself, by the assignee of the witness, or by anyone else authorized by the witness on behalf of the witness.

## SUMMARY

(1) The Legislature has authority to appropriate such funds as are necessary for the payment of witness fees which have been incurred by virtue of Article 35.27, Vernon's Code of Criminal Procedure.

Honorable Robert S. Calvert, page 5 (C-637)

(2)  It is the opinion of this office that claims for witness fees must be filed with the Comptroller's Office within twelve (12) months after the same become due and payable.  If the same are not so filed, they are barred, and the Legislature would not have authority to appropriate funds for their payment.

(3)  All claims for witness fees may be submitted to the Comptroller by the Clerk of the Court on behalf of the witness, by the witness himself, by the assignee of the witness, or by anyone else authorized by the witness on behalf of the witness.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By: *Thomas W Mack*
THOMAS W. MACK
Assistant Attorney General

TWM/pw/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Pat Bailey
Gordon Houser
Robert E. Owen

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B. Wright